## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **RITA BENOIT,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 6:21-cv-4403** |
| **v.** | § | |
| | § | |
| **SAM'S EAST, INC., d/b/a** | § | **JURY TRIAL DEMANDED** |
| **SAM'S CLUB,** | § | |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

Plaintiff RITA BENOIT ("Plaintiff"), by and through her attorneys, Ellwanger Law LLLP, brings this action for damages and other legal and equitable relief from Defendant, SAM'S EAST, INC., d/b/a SAM'S CLUB ("Defendant"), for violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.     This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination and retaliation. Defendant's acts of discrimination are in violation of the ADEA and any other cause(s) of action that can be inferred from the facts set forth herein.

2.     Defendant employed Plaintiff as an Optical Manager at its Lafayette, Louisiana location. Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to discrimination and retaliation.

**ORIGINAL COMPLAINT**

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e et seq., as amended, and (iii) 42 U.S.C. §§ 1981 et seq., as amended.

4.      The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in this district.

## PARTIES

6.      Plaintiff is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a resident of Acadia Parish, Louisiana.

7.      At all relevant times, Plaintiff was Defendant's employee and therefore covered by the ADEA.

8.      Defendant is located at 3222 Ambassador Caffery Pkwy., Lafayette, Louisiana 70506. Upon information and belief, Defendant employs approximately 100,000 employees. During all relevant times, Defendant has been an employer covered by the ADEA.

**ORIGINAL COMPLAINT**

9.      Defendant transacted and continues to transact business in Louisiana by, among other things, employing persons at its store located within Louisiana and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

10.      Plaintiff, who has herein alleged claims pursuant to the ADEA, has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Louisiana Commission on Human Rights.

11.      Plaintiff has received her Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint.

## STATEMENT OF FACTS

12.      Plaintiff, 56, worked for Defendant from September of 2015 until her termination on January 20, 2020. Plaintiff had decades of experience in optometric sales.

13.      Prior to her termination, Plaintiff worked at the Lafayette, Louisiana location as an Optical Manager.

14.      In or around October 2019, Plaintiff was pulled into the office by the newly hired Market Manager, Rosa Stafford. Ms. Stafford criticized Plaintiff's recent job performance, despite Plaintiff having exceeded the sales goal she was assigned that month.

15.      In or around November 2019, Ms. Stafford went to Plaintiff's office and told her: "You are getting older. Would you want to become a Door Greeter?" When Plaintiff expressed that she was not interested in a position as a Door Greeter due to her many years of experience in the Optical Department, Ms. Stafford continued to insist that Plaintiff become a Door Greeter, as Plaintiff was "surely not getting any younger, and that's where the older crowd is."

**ORIGINAL COMPLAINT**

16.     In or around December 2019, Plaintiff hired a new Associate onto her team in the Optical Department. When Ms. Stafford came to meet the new Associate, Plaintiff heard her say to him: "I'm so glad they hired someone young, not old like her," referring to Plaintiff. This new Associate was shocked by the harsh and rude language Ms. Stafford used when speaking about Plaintiff and reported it to the Defendant's Ethics Helpline not long after his conversation with Ms. Stafford. Upon information and belief, nothing was done to investigate the Associate's complaints.

17.     In or around January of 2020, Plaintiff decided that she had had enough of Ms. Stafford's discriminatory comments about her age. Plaintiff made a report to the Ethics Helpline herself, as well as to Store Manager Dan Hernandez. Upon information and belief, no remedial action was ever taken in connection with Plaintiff's complaints.

18.     On or about January 20, 2020, Plaintiff was called into the office of Store Manager Dan Hernandez, who placed Plaintiff on speakerphone with Ms. Stafford. Ms. Stafford informed Plaintiff that her services were no longer needed, and that she was being terminated. No further explanation was provided to Plaintiff, and Defendant subsequently replaced Ms. Stafford with a much younger woman in her mid-thirties.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.  §§ 621 *et seq*.
### (Discrimination)

19.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

20.     The conduct alleged herein violates the ADEA as Defendant has engaged the practice of discrimination with respect to the terms and conditions of Plaintiff's employment on

**ORIGINAL COMPLAINT**

the basis of the Plaintiff's age, including but not limited to terminating her employment based upon age.

21.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.  §§ 621 *et seq*.**
**(Hostile Work Environment)**

22.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

23.     The conduct alleged herein violates the ADEA as Plaintiff was subjected to a hostile work environment on the basis of her age. Plaintiff's Market Manager made discriminatory comments about her age that were severe or pervasive.

24.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.  §§ 621 *et seq*.**
**(Retaliation)**

25.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

26.     Plaintiff lodged complaints with Defendant regarding the discrimination and hostile work environment to which she was subjected, and as such, engaged in protected activity under the ADEA.

27.     Defendant retaliated against Plaintiff by, among other things, harassing her, subjecting her to unwarranted discipline, and terminating her.

28.     The conduct alleged herein violates the ADEA's protection of filing a complaint of discrimination.

29.     Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

**AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF**
**Title 23 § 312 of the Louisiana Revised Statutes ("La.R.S. 23:312")**

30.      Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

31.      The conduct alleged herein violated La.R.S. 23:312 as Plaintiff was discriminated against and ultimately discharged because of her age.

32.      Defendant limited Plaintiff in a manner that tended to deprive Plaintiff of employment opportunities or otherwise adversely affected her status as an employee based on her age.

33.      Plaintiff's requests for relief are set forth below.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF**
**Title 23 § 312 of the Louisiana Revised Statutes ("La.R.S. 23:312")**

34.      Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

35.      The conduct alleged herein violated La.R.S. 23:312 as Plaintiff was discriminated against and ultimately discharged because she opposed the unlawful employment practice of age discrimination.

36.       Plaintiff's requests for relief are set forth below.

**DEMAND FOR JURY TRIAL**

37.      Plaintiff demands a jury trial on all matters raised in this Complaint.

**ORIGINAL COMPLAINT**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

    A.  A judgment declaring that the practices complained of herein are unlawful and in violation of Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*.;

    B.  All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, and lost benefits.

    C.  Liquidated damages for Defendant's intentional discrimination.

    D.  Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

    E.  Pre-judgment and post-judgment interest, as provided by law;

    F.  That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

    G.  Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

    H.  Training on the subject of age discrimination for all of Defendant's employees;

    I.  Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

    J.  Active monitoring of the work areas to ensure compliance with discrimination policies;

    K.  Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

**ORIGINAL COMPLAINT**

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: December 23, 2021                    Respectfully submitted,

*/s/Philip Bohrer*
Philip Bohrer
Louisiana State Bar No. 14089
phil@bohrerbrady.com
Bohrer Brady LLC
8712 Jefferson Highway, Suite B
Baton Rouge, LA  70809
Telephone:  (225) 925-5297

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**ORIGINAL COMPLAINT**